IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01512-CNS-MEH

JESSE DILLON KIRCHNER,

    Plaintiff,

v.

JILL MARSHALL, in her official capacity as Chief Executive Officer of the Colorado Mental Health Institute at Pueblo, and
JEFFERSON COUNTY DISTRICT COURT,

    Defendants.

## ORDER

Before the Court is Plaintiff Jesse Dillon Kirchner's Objection (ECF No. 51) to the United States Magistrate Judge Michael E. Hegarty's Recommendation (ECF No. 50) that the Court should grant Defendants' Motions to Dismiss (ECF Nos. 20, 21). For the reasons set forth below, Mr. Kirchner's Objection is OVERRULED. The Magistrate Judge's Order is ADOPTED with modification.[1] Accordingly, Defendants' Motions to Dismiss (ECF Nos. 20, 21) are GRANTED.

### I. BACKGROUND

This background of this case is set forth in the Magistrate Judge's Recommendation (ECF No. 50 at 1-3), and the Court incorporates the Magistrate Judge's summary of the case's

---

[1] As discussed further below, although the Court agrees with and adopts the Magistrate Judge's recommendation that Mr. Kirchner's claims be dismissed, the Court does not adopt the Magistrate Judge's recommendation that those claims should be dismissed with prejudice.

1

background. On November 10, 2022, the Magistrate Judge recommended granting Defendants' Motions to Dismiss (*Id.* at 14-15). Mr. Kirchner timely filed his Objection to the Magistrate Judge's Recommendation (ECF No. 51).[2] Defendants timely filed their response (ECF No. 52).

## II. STANDARD OF REVIEW & LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction. Rule 12(b)(1) challenges assume two forms. First, the moving party may mount a "facial attack" that challenges the complaint's allegations as to the "existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When a party mounts a facial attack, courts must accept a complaint's allegations as true. *See Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995). Second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter

---

[2] Although Mr. Kirchner also styled his Objection as a "Motion for Reconsideration," the Court construes Mr. Kirchner's filing as an Objection to the Magistrate Judge's Recommendation (*See generally* ECF No. 51).

jurisdiction rests." *Id*. (citation omitted). A plaintiff bears the burden of establishing subject matter jurisdiction because they are the party asserting it. *See Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g., Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## III. ANALYSIS

Because Mr. Kirchner is proceeding pro se, the Court must construe his Objection liberally. *See Busby v. Underbakke*, No. 21-CV-02850-PAB-KLM, 2022 WL 1773802, at *1 (D. Colo. June 1, 2022) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Doing so, Mr. Kirchner argues that the Magistrate Judge erred in recommending that his claims are barred by the Eleventh Amendment, the *Rooker-Feldman* abstention doctrine, and the *Younger* abstention doctrine (*See* ECF No. 51 at 2-5). Defendants argue that the Magistrate Judge's Recommendation should be affirmed for the reasons set forth in the Recommendation, and that Mr. Kirchner's Objection should be overruled (*See* ECF No. 52). The Court agrees with Defendants.

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state." U.S. Const. amend. XI. Although the Eleventh Amendment's language encompasses only "suits brought against a State by citizens of another state . . . the [Eleventh] Amendment bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citation omitted). As such, the Eleventh Amendment is a "jurisdictional bar" precluding suits in federal court "against a state and 'arms' of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotation omitted). "[A] state or 'arms' of a state may assert the [E]leventh [A]mendment as a defense to suit in federal court." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999) (citation omitted); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state.").

Three exceptions apply to the applicability of the Eleventh Amendment's sovereign immunity defense. *See Harris v. Owens*, 264 F.3d 1282, 1289–90 (10th Cir. 2001). The Eleventh Amendment is not a jurisdictional bar to a plaintiff's suit if: (1) the state waives its sovereign immunity, (2) Congress has abrogated the state's Eleventh Amendment sovereign immunity, or (3) a plaintiff sues state officials in their official capacities and the plaintiff's suit "seeks prospective relief for the officials' ongoing violation of federal law." *Id.* at 1290 (citation omitted). A plaintiff bears the burden of showing an asserted sovereign immunity defense does not bar their claims. *See, e.g., Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018).

### A. Eleventh Amendment & Jefferson County District Court

The Court concludes that the Magistrate Judge did not err in recommending that the Eleventh Amendment bars Mr. Kirchner's claims against Defendant Jefferson County District Court (*See* ECF No. 50 at 8-9; *see also* ECF No. 1 at 3). Courts have repeatedly held that, under the Eleventh Amendment, state courts and state court judges are immune from claims asserted against them. *See Strepka v. Miller*, 28 F. App'x 823, 828–29 (10th Cir. 2001) ("Plaintiff's official capacity claims against [the Arapahoe County] Judge . . . were really claims against the State of Colorado"); *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021); *B.J.G. v. Rockwell Automation, Inc.*, No. 11-CV-262-GKF-TLW, 2012 WL 28077, at *2 (N.D. Okla. Jan. 5, 2012), *aff'd as modified*, 497 F. App'x 807 (10th Cir. 2012) ("[T]he claims against the State Court Defendants are precluded by the Eleventh Amendment's grant of sovereign immunity to states."). The Court finds the reasoning of these cases persuasive. Accordingly, Mr. Kirchner's claims against the Jefferson County District Court are barred under the Eleventh Amendment, and Mr. Kirchner's argument to the contrary is unavailing (ECF No. 51 at 2-3).

### B. Eleventh Amendment & Official Capacity Claim

Under the Eleventh Amendment, a plaintiff's claims are barred when brought against a state agent in their official capacity. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State." (citation omitted)); *Johnson v. Swibas*, No. 14-CV-02258-BNB, 2014 WL 5510930, at *2 (D. Colo. Oct. 31, 2014). Here, Mr. Kirchner sues Defendant Marshall in her official capacity as Chief Executive Officer of the Colorado Mental Health Institute at Pueblo (ECF No. 1 at 2). Therefore, she enjoys Eleventh Amendment protection unless Mr. Kirscher can demonstrate one of the exceptions to the Amendment's application applies. *See, e.g., Harris*, 264 F.3d at 1289–90. Mr. Kirchner argues that two exceptions to the Eleventh Amendment apply: (1) Congress abrogated the state's Eleventh Amendment sovereign immunity, and (2) that he has sued Ms. Marshall in her official capacity, seeking prospective relief from her ongoing violations of federal law (ECF No. 51 at 3). The Court disagrees with Mr. Kirchner that these exceptions do apply to his claims against Defendant Marshall.

First, Mr. Kirchner has not alleged facts and does not cite any authority indicating that Congress abrogated Colorado's sovereign immunity to his claims (*See* ECF Nos. 1 at 3, 51 at 3). *See also, e.g., Huddleston v. State of Colorado*, No. 15-CV-02537-GPG, 2015 WL 9459721, at *2 (D. Colo. Dec. 28, 2015) ("Congress did not abrogate Eleventh Amendment immunity through § 1983." (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246 (1985) ("[T]he Rehabilitation Act does not abrogate the Eleventh Amendment bar to suits against the States."). Therefore, because Mr. Kirchner has failed to show that there is

6

an "unmistakable abrogation" of Colorado's sovereign immunity, this exception to his claims against Defendant Marshall in her official capacity does not apply. *See Harper v. Montezuma Cnty. Bd. of Cnty. Commissioners*, No. 18-CV-02225-WJM-STV, 2018 WL 10502084, at *4 (D. Colo. Dec. 3, 2018), *report and recommendation adopted*, No. 18-CV-2225-WJM-STV, 2018 WL 10502055 (D. Colo. Dec. 27, 2018) (quotations omitted)).

Second, Mr. Kirchner has not met his burden of showing that the exception for prospective relief based on alleged ongoing violations of federal law applies to his claims. *See, e.g., Havens*, 897 F.3d at 1260; *Harris*, 264 F.3d at 1290. Mr. Kirchner argues that the exception applies because he seeks "prospective relief from federal infractions" of his rights (ECF No. 51 at 3; *see also* ECF No. 1 at 7). He seeks to have his previous "record expunged through exoneration" (ECF No. 1 at 6). Although Mr. Kirchner argues that his record has resulted in "being deprived of [his] program of higher education," he ultimately seeks to redress an alleged past harm—exonerating him from a state court action that has already occurred—rather than enjoin Defendant Marshall in her official capacity from engaging in any future conduct (ECF No. 51 at 3). *See also Thompson v. Williams*, No. 21-CV-00602-CNS-KLM, 2022 WL 17618475, at *4 (D. Colo. Dec. 13, 2022) (concluding that Eleventh Amendment exception did not apply where the plaintiff had "wrist surgery on which he initially based his lawsuit" and did not allege that he "[was] in need of specific, future related medical care that he [was] not receiving, such that he is experiencing an ongoing alleged violation of federal law"). Therefore, because Mr. Kirchner is "merely seeking to address alleged past harms rather than prevent prospective violations of federal law," the relief he seeks is retrospective and does not fall within this exception to Eleventh Amendment sovereign immunity. *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012).

7

\* \* \*

For the reasons set forth above, the Court agrees with the Magistrate Judge that Mr. Kirchner's claims are barred by the Eleventh Amendment (ECF No. 50 at 8-9). Therefore, the Court need not address the Magistrate Judge's recommendations that Mr. Kirchner's claims are also barred by the *Rooker-Feldman* and *Younger* abstention doctrines.

The Court makes one final observation. Like the Eleventh Amendment, the *Rooker-Feldman* and *Younger* abstention doctrines are jurisdictional. *See, e.g., Peterson*, 707 F.3d at 1205; *Deloge v. Davis*, No. 21-8025, 2021 WL 6143719, at \*2 (10th Cir. Dec. 30, 2021) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to consider appeals of state-court judgment." (citation omitted)); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional." (citation omitted)). Because dismissal of Mr. Kirchner's claims on Eleventh Amendment jurisdictional grounds is appropriate, the Court cannot assess the merits of Mr. Kirchner's claims under Rule 12(b)(6). *See, e.g., Soliman v. Pearson*, No. 13-CV-00124-RBJ, 2013 WL 5554798, at \*1 (D. Colo. Aug. 22, 2013).

The Magistrate Judge acknowledged that the Eleventh Amendment and abstention doctrines presented a "jurisdictional defect" in this case, but "for the sake of thoroughness" considered Defendants' Rule 12(b)(6) arguments as well (ECF No. 50 at 11). Because the Magistrate Judge determined that Mr. Kirchner "failed to plausibly allege his claims," he recommended that Mr. Kirchner's claims "be dismissed with prejudice" (*Id.* at 14). However, where courts conclude that a plaintiff's claims are barred on jurisdictional grounds—as the Magistrate Judge did—dismissal of those claims must be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from

8

this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice." (citations omitted)); *Wauford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011) (concluding that claims were "clearly barred by the Eleventh Amendment and those claims should have been dismissed without prejudice." (citation omitted)).

Therefore, the Court disagrees with the Magistrate Judge that dismissal of Mr. Kirchner's claims with prejudice is appropriate. Dismissal on jurisdictional grounds must be without prejudice, and the Court cannot consider any basis for dismissing Mr. Kirchner's claims on the merits unless it has jurisdiction over them. *See Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973) ("[A] dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of the . . . claim must be without prejudice." (citations omitted)). Accordingly, Mr. Kirchner's claims are dismissed without prejudice. *See, e.g., Wauford*, 450 F. App'x at 699; *Shue v. Lampert*, 580 F. App'x 642, 643–44 (10th Cir. 2014) ("We conclude that the Eleventh Amendment required dismissal without prejudice of the claims . . . .").

## IV. CONCLUSION

Consistent with the above analysis, the United States Magistrate Judge's Recommendation (ECF No. 50) is ADOPTED as an Order of this Court to the extent that it recommends dismissal of Mr. Kirchner's claims on Eleventh Amendment jurisdictional grounds. Therefore, Mr. Kirchner's Objection (ECF No. 51) is OVERRULED, and Defendants' Motions to Dismiss (ECF Nos. 20, 21) are GRANTED. However, the Court declines to adopt the Magistrate Judge's recommendation that Mr. Kirchner's claims be dismissed with prejudice. For the reasons set forth above, Mr. Kirchner's claims are DISMISSED WITHOUT PREJUDICE.

DATED this 5th day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge